**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERRY NATA WIDJAJA, | No. 10-70671 |
| Petitioner, | Agency No. A088-110-307 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Gerry Nata Widjaja, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

The record does not compel reversal of the agency's adverse credibility determination based on inconsistencies within his testimony regarding if and/or when he told his parents he was afraid of the Muslim leader, and based on the evasive nature of his testimony regarding who took care of him after his parents disappeared. *See id.* at 1045-47 (adverse credibility finding reasonable under totality of circumstances); *Wang v. INS*, 352 F.3d 1250, 1256–57 (9th Cir.2003) (adverse credibility finding based on evasive testimony). In the absence of credible testimony, Widjaja's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Widjaja's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to Indonesia, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

10-70671